Filed 10/30/24  P. v. Smith CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B330512 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA142223) |
| v. | |
| JOSHUA TYRECE SMITH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

——————————

Joshua Tyrece Smith appeals from the modified judgment entered after this court remanded the matter for further proceedings following a prior appeal. (*People v. Smith* (Sept. 22, 2022, B308972 [nonpub. opn.].) Smith's counsel has asked us to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In 2018, a jury convicted Smith of first degree murder (Pen. Code, § 187, subd. (a); count 1),[1] and found true principal firearm use (§ 12022.53, subds. (d), (e)(1)) and gang allegations (§ 186.22, subd. (b)(1)(C)). The trial court imposed a 25-years-to-life sentence for the firearm enhancement, consecutive to a 25-years-to-life sentence on the murder conviction.

In Smith's first appeal, this court rejected the contentions he raised, but concluded he was entitled to benefit from Assembly Bill No. 333 (2021–2022 Reg. Sess.), which amended section 186.22 and became effective while the appeal was pending. Due to the changes in the law, we reversed the true findings on the gang enhancement and gang-related gun use enhancement. We remanded the matter to the trial court to allow the prosecution the option of retrying the enhancements and establishing all elements required by Assembly Bill No. 333. However, we rejected Smith's argument that section 1109 entitled him to a new trial on the underlying substantive charge.

On remand, the People declined to retry the gang allegations. The trial court therefore struck the section 12022.53, subdivisions (d) and (e) and section 186.22, subdivision (b)(1)(C) allegations, and the accompanying 25-years-to-life sentence, leaving in place only the 25-years-to-life sentence for first degree

---

[1] All further undesignated statutory references are to the Penal Code.

murder. The court ordered a new abstract of judgment to be sent to the California Department of Corrections and Rehabilitation.

Smith timely appealed.[2] Court-appointed appellate counsel filed an opening brief that raised no issues and asked this court to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436.[3] We directed appellant's counsel to send Smith the record and a copy of the opening brief, and we advised that within 30 days of the date of the notice, Smith could submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wished this court to consider. Appellate counsel also submitted a declaration stating that he had informed Smith of his right to file a supplemental brief and would be sending the appellate record to him. At this court's request, appellate counsel submitted a supplemental declaration indicating he forwarded the appellate record to Smith on or around May 1, 2024. Smith did not submit a supplemental brief.

We have independently examined the record submitted on appeal and are satisfied no arguable issues exist and Smith's

---

[2] We note the notice of appeal, apparently filed in pro per, asserted Smith was entitled to a new trial because the gang evidence was prejudicial, and the jury would not have found him guilty had the gang evidence been excluded. However, this court addressed and rejected the same argument in the first appeal.

[3] Appellate counsel noted that Smith has filed multiple petitions for resentencing pursuant to section 1172.6. We granted counsel's motions to augment the record and his request for judicial notice of documents related to those proceedings. However, the section 1172.6 proceedings were not the subject of Smith's notice of appeal, and many appear to have occurred well after the appeal was filed in this matter. The section 1172.6 proceedings are not before us at this time.

attorney has complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *Wende, supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ADAMS, J.

We concur:

EDMON, P. J.

EGERTON, J.

4